1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY M. DANIELS,<br><br>              Plaintiff,<br><br>    v.<br><br>S. KERNAN, Dir. of Corrections, et al.,<br><br>              Defendants. | Case No. CV 16-7178 DMG(JC)<br><br><br>ORDER DISMISSING ACTION<br>WITHOUT PREJUDICE |

On September 23, 2016, Jeffrey M. Daniels ("plaintiff"), who is in custody at the California State Prison, Los Angeles County and proceeding *pro se*, formally filed a Civil Rights Complaint ("Complaint") pursuant to 42 U.S.C. § 1983 together with a Request to Proceed Without Prepayment of Filing Fees ("IFP Request").

On October 3, 2016, the Court issued an order ("Dismissal Order") denying the IFP Request and dismissing the action without prejudice unless plaintiff paid the full filing fee within thirty (30) days because plaintiff had filed at least three prior actions which qualify as "strikes" under 28 U.S.C. § 1915(g) ("Section

///

1915(g)")[1] and the Complaint did not plausibly allege that plaintiff was exempt from Section 1915(g) based on imminent danger of serious physical injury. The Dismissal Order expressly cautioned plaintiff that if he failed timely to pay the full statutory filing fee, the action would be dismissed without prejudice and the case would be closed without any further action by the Court. Plaintiff's deadline to pay the full statutory filing fee expired on November 2, 2016. To date, plaintiff has not paid any portion of the filing fee and the deadline to do so has long passed.

In light of the foregoing, this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: March 1, 2017

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[1]In general, prisoners who meet specified criteria may pursue civil litigation in federal court without the full prepayment of fees or costs – *i.e.*, *in forma pauperis* ("IFP"). 28 U.S.C. § 1915(a). Pursuant to Section 1915(g) (the so-called "three strikes" provision in the Prison Litigation Reform Act), however, a prisoner who has accumulated three or more "strikes" is barred from proceeding IFP unless he is "under imminent danger of serious physical injury" at the time their complaint is filed. Bruce v. Samuels, 136 S. Ct. 627, 630 (2016); Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). A "strike," for purposes of Section 1915(g), is a prior action or appeal brought in federal court while the plaintiff was "incarcerated or detained in any facility" that was dismissed because it was "frivolous," "malicious," or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g); Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015); Washington v. Los Angeles County Sheriff's Department, 833 F.3d 1048, 1054 (9th Cir. 2016).

2